FILED

APR - 2 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 12-00208 YGR (DMR) |
| Plaintiff, ) | |
| v. ) | DETENTION ORDER |
| STEVEN NELSON, ) | |
| Defendant. ) | |

## I. BACKGROUND AND INTRODUCTION

Defendant Steven Nelson is charged in an indictment with a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). On March 28, 2012, the United States moved for Mr. Nelson's detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f). Pretrial Services prepared a full bail study, which recommended Mr. Nelson's detention. On April 2, 2012, the court conducted a detention hearing. For the reasons stated below, the court orders that Mr. Nelson be detained.

DETENTION ORDER
CR 12-00208 YGR (DMR)                    1

cc:Copy to parties via ECF, Frances, Pret. Svcs, 2 Certified copies to US Marshal

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. If the government does not meet its burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or danger to the community. Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, pretrial release should be denied "[o]nly in rare circumstances." *Motamedi*, 767 F.2d at 1405; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception"). Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person

or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

The indictment alleges that Mr. Nelson, having previously been convicted of a felony, knowingly possessed a Model 650 .22 caliber Harrington & Richardson revolver.

Mr. Nelson is 40 years old and has lived in Oakland, California his entire life. He attended high school through eleventh grade, and has never been employed. He has occasionally performed odd jobs such as landscaping or collecting cans. He married Tylia Nelson in September 2011, and she is expecting their first child. He has two other children from previous relationships. On advice of counsel, Mr. Nelson declined to provide information about use of illicit substances, but his references indicated that he uses marijuana and has participated in drug treatment in the past.

Mr. Nelson has a substantial criminal record dating back to a juvenile conviction in 1987 for transportation and sale of controlled substances. Between 1994 and 2006, he sustained at least six felony convictions. Five were drug-related, including one for possession of a controlled substance while in prison. The other felony conviction was for possession of a weapon while in prison. He also has a 2008 misdemeanor conviction for obstructing a public officer, as well as other drug related arrests.

On numerous occasions, Mr. Nelson's probation or parole has been revoked, modified or terminated; at least three of these parole/probation violations have resulted in prison sentences.

In light of Mr. Nelson's long criminal record which includes multiple drug convictions and a weapons conviction, as well as the fact that much if not all of his felonious conduct occurred while Mr. Nelson was on community supervision or in custody, the court finds clear and convincing evidence that Mr. Nelson presents a danger to the community, and that no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the safety of any other person or the community. 18 U.S.C. § 3142(e) and (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

Mr. Nelson shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or

serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: April 2, 2012

_____
DONNA M. RYU
United States Magistrate Judge

DETENTION ORDER
CR 12-00208 YGR (DMR)                    4